UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

| | |
|---|---|
| In re:<br><br>CAPE ANN HOUSING<br>OPPORTUNITY, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 09-10074-FJB |

### ORDER AUTHORIZING SALE OF ASSETS FREE AND CLEAR
[Pond View Village, 147 Essex Avenue, Gloucester, Massachusetts and Associated Leases]

This matter came before the Court on the Motion of Chapter 7 Trustee to Approve Private Sale of Debtor's Rights in Real Property Known as Pond View Village, 147 Essex Avenue, Gloucester, Massachusetts to Massachusetts Housing Investment Corporation (the "Sale Motion") filed on November 5, 2009, whereby John O. Desmond, the Chapter 7 Trustee ("Trustee") of Cape Ann Housing Opportunity, Inc. (the "Debtor"), seeks authority to sell all of the estate's right, title and interest in and to the real property located at 147 Essex Avenue, Gloucester, Massachusetts (the "Premises") and, in connection therewith, assume and assign the Debtor's right, title and interest in and to three leases respecting the Premises under which the Debtor is currently the lessor (the "Leases," together with the "Premises," the "Assets") to the Massachusetts Housing Investment Corporation ("MHIC") or its nominee (the "Buyer"), pursuant to the terms of the Purchase and Sale Agreement dated as of October 30, 2009 (the "P&S Agreement") attached as Exhibit "A" to the Sale Motion. The Trustee having certified that he has served copies of the Sale Motion and a Notice of Private Sale upon the United States Trustee, counsel for the Buyers, counsel for the secured creditors, counsel for the nondebtor parties to the

413545v1

Leases, and the creditors listed in the Debtor's schedules; no ~~objections or~~ counteroffers thereto *the sole objections having been withdrawn* having been filed with this Court; this Court having found such service to be sufficient notice in the particular circumstances; this Court having reviewed the Sale Motion, having held a hearing on the Sale Motion, and having found good cause to grant the relief requested therein, it is hereby,

ORDERED, ADJUDGED AND DECREED THAT:

1. The Sale Motion is granted;

2. The form of the Notice of Private Sale is approved;

3. The sale of the Assets to the Buyer pursuant to the Sale Motion and the P&S Agreement is authorized under Section 363(b) of the Bankruptcy Code;

4. The assumption and assignment of the Leases to the Buyer pursuant to the Sale Motion and the P&S Agreement is authorized under Section 365 of the Bankruptcy Code;

5. The Buyer is not acquiring or assuming Seller's or any other person's liabilities except as expressly provided in the P&S Agreement;

6. Neither the Trustee nor MHIC shall have any obligation to cure any defaults under the Leases, or compensate the nondebtor party under the Leases for any pecuniary losses arising thereunder;

7. MHIC has provided the nondebtor party to the Leases with adequate assurance of future performance thereunder;

8. The Trustee is authorized to take all actions and execute all documents necessary or appropriate to effectuate the sale of the Assets to Buyer;

9. The Debtor is ordered to take all actions and execute all documents necessary or

appropriate to effectuate the sale of the Assets to Buyer;

10. The sale of the Assets is "as is, where is," without any representations or warranties of any kind and otherwise in accordance with the terms and conditions of the Sale Motion and the P&S Agreement. Accordingly, the Buyer is deemed to have waived, and is hereby barred from asserting against the Debtor, its bankruptcy estate, the Trustee and his representatives, any claim arising out of or with respect to the Debtor's ownership and/or use of the Assets prior to the conveyance thereof to the Buyer;

11. Pursuant to Section 363(f) of the Bankruptcy Code, the sale of the Assets to the Buyers shall be free and clear of all liens, claims, encumbrances and interests (including without limitation any claims of the Seller's creditors arising under "successor liability" theories pursuant to applicable law), except to the extent set forth in the P&S Agreement, with all such liens, claims, encumbrances and interests, to the extent valid and duly-perfected, to attach to and affect only the proceeds of the sale of the Assets, to the same extent and in the same order of priority, as each such interest now attaches to and affects the Assets;

12. There are sound business reasons for the Trustee to effect the sale of the Assets under the terms set forth in the Sale Motion and P&S Agreement;

13. The sale of the Assets is in accordance with the terms of the Sale Motion and P&S Agreement is a legal, valid and effective transfer of the Assets, and in the best interest of the Debtor's estate;

14. Appropriate notice and opportunity to be heard with respect to the Sale Motion and P&S Agreement has been afforded to all of the necessary parties and such notice satisfies the requirements of Fed. R. Bankr. P. 2002(a)(2), 6004(a) and (c), and 6006(c).

15. The Buyer is a purchaser in good faith of the Assets and is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code;

16. The P&S Agreement was negotiated in good faith and from an arm's-length bargaining position, and the purchase price to be paid for the Assets constitutes reasonably equivalent value and fair consideration under the relevant provisions of the Bankruptcy Code and applicable state law;

17. Neither Seller nor Buyer has engaged in any conduct that would permit the P&S Agreement to be voided under Section 363(n) of the Bankruptcy Code;

18. This Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein and the stay imposed by Fed. R. Bankr. P. 6004(h), 6006(d) and/or 7062 is hereby modified and shall not apply to this Order or the transactions contemplated by the Sale Motion; and

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 25, 2009
Boston, Massachusetts

_____
Honorable Frank J. Bailey
United States Bankruptcy Judge

4

413545v1